Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BILLY WAYNE HAYNES,<br><br>　　　　　Defendant. | NO. 1:06-cr-0002-JWS<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE** |

　　　　The defendant, BILLY WAYNE HAYNES, through counsel, presents this memorandum in support of his motion to suppress evidence.  The defense will supplement this material when the government provides further discovery, such as the resulting search warrant, affidavit, and return.

**I.　　STATEMENT OF FACTS**

　　　　The defense believes the evidence will show that four warrantless searches led to the focus on Mr. Haynes and the charges against him.  The first was a seizure of a

truck on a Sitka street. This seizure occurred early in February 2006 (Discovery 00032), although the defense is unaware of the exact date. Mr. Haynes was using the truck with the owner's permission. Police entered the truck and seized a backpack, thereupon finding certain "capsules" which they thought were "suspected methamphetamine." They attributed the possession of these items to Mr. Haynes. This was the first warrantless search. This search caused police to investigate Mr. Haynes further.

Later police received "anonymous information," although the defense is unaware of the nature of that information. As a result of the "anonymous information," and the items seized earlier from the backpack, police went to a home at # 8, Viskari Trailer Court, to investigate. This visit was on February 21, 2006. At that time, police thought that Marcel Prado of Baranof Motors owned the trailer, although he had given Jeremy Beebe permission to remodel the trailer. At first Mr. Prado told police no one had permission to stay there, although he later said, according to police, "No one ever asked his permission to stay at the trailer but also stated that he never said no one couldn't." (Discovery 000034)

On February 21, police entered the trailer without a warrant. This was the second warrantless search. In the trailer, police observed property attributed to Billy Haynes, who was living in the trailer with permission. During this entry, police saw numerous items including a crystalline substance. Based on their observations during the warrantless search, police obtained search warrant ISI-06–11SW. The defense has not seen this warrant, but believes it was a fruit of the initial warrantless entry.

In the service of the warrant, police seized items which the government will seek to introduce against Mr. Haynes in the federal prosecution. However, they did not

seize the black duffel bag which connected Mr. Haynes to some of the material in the trailer home. The duffel bag was not seized until February 22, 2006, AFTER the return of the search warrant. It apparently was seized by a warrantless entry of the trailer in the company of Lowell Ford, the brother of Mr. Prado. (Discovery 00034) This is the third warrantless entry and resulted in numerous items of evidentiary value with connections to Mr. Haynes.

After Mr. Haynes was arrested and held in Sitka, police arranged for him to be transported to Lemon Creek Correctional Center in Juneau. To get ready for the trip, correctional officer Betty Conklin inspected Mr. Haynes' property and took several items out of his wallet. This was the fourth warrantless search. The federal government seeks to introduce documentary material from the wallet in this federal case.

## II.   STANDING

The government may contest standing in this case, but the defense believes Mr. Haynes had a legitimate expectation of privacy in the backpack and the items in the trailer, particularly the duffel bag.

According to prevailing case law, an "overnight guest" has a reasonable expectation of privacy in the residence. Justice White stated in <u>Minnesota v. Olson</u>, 495 U.S. 91, 99 (1990), ". . .we think that society recognizes that a houseguest has a legitimate expectancy of privacy in his host's home. . . . From the overnight guest's perspective, he seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed."

Mr. Haynes was a guest with a reasonable expectation of privacy. Criteria for a legal guest include: the visitor has some property rights in the dwelling; the visitor maintains a regular or continual presence in the dwelling, especially sleeping there regularly; the visitor contributes to the upkeep of the dwelling, either with money or services; the visitor stores his clothes or other possessions in the dwelling; and the visitor is allowed to remain in the dwelling when the owner is absent. Olson, 495 U.S. at 96.

In addition, the defense believes the facts will show that Mr. Haynes had permission to use the truck, and had a reasonable expectation of privacy in the items in the truck.

### III.   WARRANTLESS SEARCHES ARE PRESUMPTIVELY ILLEGAL: BURDEN ON THE GOVERNMENT TO JUSTIFY

Warrantless searches are presumptively illegal. Katz v. United States, 389 U.S. 347 (1967). Once it is established that a warrantless search has occurred, the burden is on the government to establish that the conduct of government agents fits within one of the recognized exceptions to the warrant requirement. United States v. Whitten, 706 F.2d 1000, 1016 (9th Cir. 1983).

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." United States Constitution, Amendment IV. "The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government or those acting at their direction." Skinner v. Railway Labor Executives' Ass'n,

489 U.S. 602, 612 (1989). The Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable. United States v. Sharpe, 470 U.S. 675, 682 (1985). "Except in certain well-defined circumstances, a search or seizure in such a case is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause." Skinner, 489 U.S. at 619, 620.

### A.    Consent

The government may contend that consent excuses the warrant requirement. If so, the government must prove that a specific person had the authority to waive Mr. Haynes' reasonable expectation of privacy and give consent to a search of Mr. Haynes' possessions. The defense currently has no documents or information to describe the authority or particulars of any "consent."

### B.    Exigent Circumstances

The government may assert that the warrant exception here is "exigent circumstances." If the government seeks to justify a warrantless search under this, it holds the burden to prove that there was probable cause to search the truck and residence, and there were exigent circumstances which placed the officers on the scene in an unsafe situation if a warrant were obtained.

The following three requirements must be satisfied in order to justify a warrantless search under the emergency doctrine:

1. The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

2. The search must not be primarily motivated by intent to arrest and seize evidence.

3. There must be some reasonable basis, approximating **probable cause**, to associate the emergency with the area or place to be searched.

United States v. Stafford, 416 F.3d 1068, 1073-74 (9th Cir. 2005).

### C.  "Independent Source"

The government may claim that the search warrant which was eventually obtained was an "independent source" for the seizure of the items in the trailer under Murray v. United States, 487 U.S. 533, 542 (1988). However, the government must show that the police would have gotten a warrant without the illegal entry and also must show that the warrant is untainted by the entry. Further, the seizure of the duffel bag, described in the available discovery, seems to have been unrelated to the service of the search warrant.

### IV.  CONCLUSION

For the foregoing reasons, and those which may appear following further discovery, the items found in the truck, the trailer, and the wallet should be suppressed as evidence, unless the government demonstrates – by testimony under oath and subject to cross-examination – that a particular warrant exception applies in this case.

DATED this 7th day of August, 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:    907-646-3400
Fax:      907-646-3480
E-Mail:   sue_ellen_tatter@fd.org

<u>Certification:</u>
I certify that on August 7, 2006,
a copy of *Memorandum in Support*
*of Motion to Suppress Evidence*
was served electronically on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

<u>s/Sue Ellen Tatter</u>