NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:06-cr-00002-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS** |
| vs. | ) | |
| BILLY WAYNE HAYNES, | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

The defendant, Billy Wayne Haynes, moves to suppress evidence resulting from the consent search of Mr. Prado's trailer on February 21, 2005.[1] The officers

[1] Mr. Haynes also moves to suppress evidence seized as a result of the search of the truck and backpack. The government's case is not based on any evidence seized as a result of that search.

were given consent to search the trailer by the trailer owner, Mr. Prado. Therefore, the government opposes the defendant's motion. The evidence seized as a result of the officers' entry should not be suppressed.

## II. FACTS

On February 21, 2006, in Sitka, Alaska, the local police department received information that Vitskari Trailer Court, trailer #8, had methamphetamine paraphernalia in it. Officers obtained consent from the owner of the trailer, Mr. Prado, to search the trailer. According to the owner, no one was to have been living in the trailer at the time. When officers responded to the location of trailer, another employee of the trailer court appeared with a key to the residence and opened the door for the officers. The officers entered the trailer and, during a protective sweep, observed in plain view a baggie containing a white powdery substance that suspiciously appeared to be methamphetamine. The trailer was secured and a search warrant was obtained.

During the search subsequent to the issuance of the warrant, the substance inside the baggie was field tested, which tested positive for meth. The gross weight of the meth was determined to be less than 5 grams. Meth use paraphernalia was also found nearby, e.g., syringes and surgical tubing. A nearly complete pipe bomb was also recovered. On the bed, officers found a bag

containing the personal effects of Haynes.

After being arrested, jail staff recovered a scrap of paper from Haynes' pants pocket that was a "to do" list of things needed to build the pipe bomb. ATF in Seattle, Washington, has examined the pipe bomb and has determined that the bomb was a destructive device as defined by 18 U.S.C. § 5845.

Mr. Haynes was convicted of felony possession of a controlled substance in the fourth degree in 2001. He has 9 prior convictions. The contents of the pipe bomb, including the smokeless powder, were not manufactured in Alaska. An NFA check revealed that the pipe bomb was not registered to the defendant.

III. ARGUMENT

Haynes argues that the officers unlawfully entered the trailer. Haynes further argues that no consent was given to allow officers to enter the trailer and, thus, the search warrant executed upon the trailer is fruit of the poisonous tree.

A. Prado Voluntarily Consented to the Search of His Trailer

The Fourth Amendment generally prohibits the warrantless entry of a person's home or residence to make an arrest or to search for specific objects. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); citing Payton v. New York, 445 U.S. 573 (1980). The prohibition does not apply, however, to situations in which voluntary consent has been obtained from the individual whose property is

searched. Id; citing Schneckloth v. Bustamonte, 412 U.S. 218

Here, officers contacted Mr. Prado and verified that he was the owner of the trailer. Mr. Prado confirmed what the officers had learned from their anonymous source, that he owned the trailer and that no one had permission to be living in the trailer. Mr. Prado unequivocally consented to the search of the trailer. Mr. Ford, an employee of the trailer park, provided the officers with the means to enter the trailer with his copy of the key. After a cursory sweep of the trailer, officers noticed a substance that appeared to be a controlled substance. The officers terminated the search of the residence and went to obtain a search warrant. The officers then obtained a search warrant for the trailer. The officers' initial entry into the residence was authorized by the owner of the trailer, Mr. Prado, and the fruits of the search should not be suppressed.

B. Fruit of the Poisonous Tree Does Not Apply

The evidence seized pursuant to the search warrant, which was based on information gained from the cursory consent search of the trailer, was not fruit of the poisonous tree because the officers obtained consent from Mr. Prado to enter the residence. The officers lawfully entered the hotel room and, therefore, the subsequent evidence seized pursuant to the search warrant should not be suppressed.

C. Standing

Although Mr. Haynes has a privacy interest in some of the items seized inside the residence that belonged to him, those items were seized pursuant to the proper application and issuance of the search warrant, not the consent to enter the residence.

D. The Search of Haynes' Property at Jail Was Proper

Jail Officer Betty Conklin prepared Mr. Haynes for transport from Sitka Jail to Lemon Creek Correctional Facility. Incident to his arrest and as a standard procedure before prisoner transport, Ms. Conklin searched Haynes' personal items for contraband. The procedure is in place to ensure that contraband, including controlled substances, was not inadvertently being transported to Lemon Creek from Sitka Jail. During the search of Mr. Hayne's personal items, Ms. Conklin discovered a "to do" list on how to build a "bomb." Ms. Conklin was not in need of a warrant to search Mr. Haynes' personal items for contraband in following standard operating procedure of the jail.

## IV. CONCLUSION

The officers did not violate the defendant's Fourth Amendment rights. Mr. Prado had authority to give consent to enter the trailer and Mr. Prado gave

explicit consent to the officers to enter. Moreover, Ms. Conklin did not need a warrant to search Mr. Haynes' personal items once arrested and in jail custody. Based on the foregoing, the officers did not violate the defendant's Fourth Amendment rights and, therefore, the evidence should not be suppressed.

RESPECTFULLY SUBMITTED this 14th day of September, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3668
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on Sept. 14, 2006, a copy of the foregoing was served electronically on Sue Ellen Tatter.

s/ David A. Nesbett