Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BILLY WAYNE HAYNES,<br><br>        Defendant. | NO. 1:06-cr-0002-JWS<br><br>**SUPPLEMENTAL BRIEF OF THE DEFENSE** |

The defendant, BILLY WAYNE HAYNES, through counsel, presents the following additional authority on the suppression issues.

I.  **PROBABLE CAUSE**

A review of the tape recording of Officer Stevener's application for a search warrant does not suggest that the warrant was issued without probable cause. Based on Officer Stevener's testimony, there appears to be a substantial basis for the issuing magistrate to find probable cause. See, United States v. Hay, 231 F.3d 630, 634 n. 4 (9th Cir. 2000). However, review of the tape does suggest that observations during the initial

warrantless police entry into trailer #8 – made allegedly with Mr. Prado's "consent" – provided the components of probable cause for the warrant. Thus the original entry, if unlawful, tainted the warrant proceedings. Wong Sun v. United States, 371 U.S. 471, 487 (1963). Excluding the observations of the officers made during the initial entry, there is no probable cause. See, United States v. Miller, 822 F.2d 828, 830 (9th Cir. 1987).

Further, Officer Stevener's testimony, during the search warrant application provided recently to counsel, demonstrates that he was uncertain of the "consent" issue. Defense counsel should have had a chance to cross-examine Officer Stevener on the consent issue with the discovery of the search warrant application. Accordingly, the defense wishes to reopen the hearing with reference only to the consent issue.

The defense discusses several aspects of Officer Stevener's oral application testimony in the **CONSENT/STANDING** section of this memorandum.

## II.    INVENTORY SEARCH

According to the testimony of Officer Roger Stevener at the evidentiary hearing in this case, Sitka correctional officer Betty Conklin searched the person and clothing of Billy Haynes. She did this in preparation for Mr. Haynes' trip, in custody, from Sitka to Lemon Creek Correctional Center in Juneau. Officer Stevener's testimony and the police reports indicate that Conklin conducted this search to protect against Mr. Haynes bringing contraband, such as methamphetamine, into the Lemon Creek jail.

When Officer Conklin searched the clothing, she went through a wallet in the pants pocket, opened up folded pieces of paper, and read the items written there. Several

of these items – such as a "to do list" and a shopping list — provide detrimental and strong evidence about Mr. Haynes' intent concerning a "pipe bomb." The defense seeks suppression of these documents. Xerox copies are attached as Exhibit A.

    A.    <u>Federal Law</u>

The United States Supreme Court has discussed the rationale of an inventory search in <u>South Dakota v. Opperman</u>, 428 U.S. 364, 369 (1976). Such a search is undertaken (1) to protect the owner's property, (2) to protect the police against claims for lost property, and (3) to protect the community or jail from danger (such as contraband). The inventory search must be undertaken to inventory items and not to search for evidence. <u>United States v. Feldman</u>, 788 F.2d 544, 550 (9th Cir. 1986), <u>cert</u>. <u>denied</u>, 479 U.S. 1067 (1987), <u>Accord</u>, <u>United States v. Bowhay</u>, 992 F.2d 229, 230 (9th Cir. 1993). For example, when police arrested a defendant, took an envelope from his jacket, observed money in the envelope and then noted the serial numbers of the (stolen) bills, the Ninth Circuit stated that reading the serial numbers was not a proper inventory search. <u>United States v. Johnson</u>, 820 F.2d 1065, 1072 (9th Cir. 1987).

The defense believes that Officer Conklin had a right to open the wallet and search for small packages of drugs to protect the jail from contraband. However, under prevailing law, that inventory search did not encompass reading written material on folded paper that clearly did not contain drugs. Reading the items was a search for evidence, beyond the scope of a proper inventory search. Furthermore, in the absence of testimony from Officer Conklin, the government has not met its burden to show the proper application

of an exception to the warrant requirement.  Basically Officer Stevener was opining why she searched the pants, wallet and papers.

    B.    <u>State Procedures and Law</u>

In addition to the limitations mentioned above, Ninth Circuit authority imposes additional state and local limits on inventory searches.  Federal law on inventory searches requires that the search be conducted "in accordance with official procedures of the relevant state or local police department."  <u>United States v. Wanless</u>, 882 F.2d 1459, 1464 (9th Cir. 1989), <u>Accord</u>, <u>United States v. Cormier</u>, 220 F.3d 1103, 1111 (9th Cir. 2000).  There was no testimony before this court about the official procedures of the Sitka correctional department.  In fact, Officer Stevener was a member of the police department and was not familiar with jail procedures.

Further, if the government seeks to justify the search yielding the paper items here, not only must the search comply with local law or procedures, but that search is limited by the principles articulated by the Alaska Supreme Court.  As the Ninth Circuit Court of Appeals stated in <u>Cormier</u>, 220 F.3d at 1111-1112:  ". . .an inventory search is only lawful under federal law if it **also** conforms to state law.  Therefore state **law** necessarily influences admissibility determinations, even in federal court."  (Emphasis added)

The Alaska Supreme Court has stated that a pre-incarceration inventory search is a "search" within the meaning of the state constitution.  <u>Reeves v. State</u>. 599 P.2d 727, 733 (Alaska 1979).  The court held that the suspect retains an interest in being free from improper inventory searches even if his expectation of privacy is diminished by

his status as an arrestee. Reeves, 599 P.2d at 734. Thus the state law defining jailhouse inventory searches provides greater protection for Alaska inmates than for federal inmates. Cf., United States v. Robinson, 414 U.S. 218 (1973).

The Alaska Supreme Court has stated that the intensity of the inventory search must be limited by the purposes of the exception – to prevent the introduction of contraband, to protect the inmate's property and to protect the jail from claims. Reeves, 599 P.2d at 735. In that case, as here, once the officer discovered no obvious contraband. Thus Officer Conklin should simply have bagged up or returned the paper items from the wallet. Accord, Lyle v. State, 600 P.2d 1357 (Alaska 1979); Newhall v. State, 843 P.2d 1254 (Alaska App. 1992); Gray v. State, 798 P.2d 346 (Alaska App. 1990); D'Antorio v. State, 926 P.2d 1158 (Alaska 1996) (officers cannot read papers as part of lawful inventory search). Thus, particularly under state law regarding correctional inventory searches, the act of reading Mr. Haynes' "to do" and "shopping lists" after no contraband was discovered does not accord with the state procedures and constitutional requirements.

### III.   CONSENT/STANDING

An individual with a possessory interest in property can have standing to challenge a search even if he is not there at the time of the search. See, Chapman v. United States, 365 U.S. 610 (1961). The government has the burden to prove voluntary consent by someone with authority to give it. United States v. Shaibu, 920 F.2d 1423 (9th Cir.), amended, 912 F.2d 1193 (9th Cir. 1990).

The consent and standing issues are illuminated by the testimony of Officer Stevener at the application for the search warrant. (Counsel has ordered a "rush" transcript of the testimony of Officer Stevener, but it has not yet been prepared.) Officer Stevener told the magistrate he wanted a warrant – not because of "depth" issues as he testified in this court – but because he was unsure if Prado's consent covered other people lawfully staying at trailer #8. As Stevener explained to the state magistrate, Prado stated that Jeremy Beebe had legitimate access to trailer #8 to make repairs. Prado also knew, and presumably authorized, that Beebe would bring in another person to assist him. Stevener told the magistrate he was not sure if Prado's consent would cover someone else lawfully occupying the trailer.

Thus the state warrant application tape raises new evidence questioning the "consent" entry and supporting Mr. Haynes' standing. The defense requests a hearing with respect to this issue, using the newly received evidence for cross-examination.

The defense plans to move for a continuance of trial.

DATED this 29th day of September 2006.

    Respectfully submitted,

    s/Sue Ellen Tatter
    Assistant Federal Defender
    601 West Fifth Avenue, Suite 800
    Anchorage, AK 99501
    Phone:    907-646-3400
    Fax:    907-646-3480
    E-Mail:    sue_ellen_tatter@fd.org

Certification:
I certify that on September 29, 2006,
a copy of the **_Supplemental Brief of_**
**_the Defense_** was served electronically
on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter