NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907)-271-1500
email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                          )<br>                         Plaintiff,       )<br>                                                          )<br>         v.                                              )<br>                                                          )<br>BILLY WAYNE HAYNES,             )<br>                                                          )<br>                         Defendant.   ) | Case No. 1:06-cr-0002-JWS<br><br>**UNITED STATES' REPLY TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION** |

COMES NOW the United States Attorney's Office, by and through counsel, and hereby replies to Defendant's Objections to Initial Report and Recommendation.[1]

As regards the defendant's factual objections, the defendant requests that certain specific information be added to the Report and Recommendation. The

---

[1] Clerk's Docket No. 55

United States opposes the defendant's request.  A judge includes those facts he feels are appropriate to the analysis of the issues presented.  Meanwhile, the transcript of the evidentiary hearing exists on its own as it is.  Paragraphs 3 and 8 of the Report and Recommendation address the relevant information the defendant wishes to add to the facts.  Concerning paragraphs 18, 22, and 26, again, the court has included the relevant information from the transcript.  Paragraph 31 is indeed accurate.  In response to repeated questioning by the defense on this specific matter, Officer Conklin testified clearly that she could not have inspected the slip of paper for controlled substances without reading some of the words written on the paper.

As regards the defendant's legal objections, the defendant argues that Mr. Beebe's work on the trailer was an "investment" that created a present possessory interest in the trailer.  The defendant's argument is not an accurate reflection of the agreement between Mr. Prato and Mr. Beebe.  According to the agreement, any possessory interest that Mr. Beebe could have had would not have been created until after the work had been completed, which it never was.  Mr. Beebe never had any authority to deny the officer's entry into the trailer.

The supplemental evidentiary hearing was the second evidentiary hearing, which was at the defendant's request.  If the defendant wished to call a witness, he

had ample opportunity to arrange for that ahead of time. The court addressed this issue at length in the Report and Recommendation.

The defendant objects to the court's "implicit conclusion" that Officer Conklin's testimony as regards the reading of the slips of paper was credible. The defendant simply disagrees with the court's evaluation of the evidence as presented at the hearing. The government rests on the court's appropriate use of discretion.

Based on the foregoing, the Magistrate Judge's Report and Recommendation should not be reversed and the defendant's motion to suppress should be denied.

RESPECTFULLY SUBMITTED this 17th day of October, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ David Nesbett
Special Assistant United States Attorney
222 West 7th Avenue, #9, Room 253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2006
a copy of the foregoing was served
electronically on:
 Sue Ellen Tater

s/ David Nesbett

U.S. v. Haynes
Case No. 1:06-cr-0002-JWS                    3