UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 1:06-cr-002 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| BILLY WAYNE HAYNES, | ) | [Re:   Motion at docket 17 ] |
| | ) | |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 15, defendant Billy Wayne Haynes moved to suppress evidence obtained from four separate searches conducted in Sitka, Alaska.  The motion was fully briefed, and the magistrate judge filed a report at docket 54 in which he recommends that the motion at docket 15 be denied in its entirety.  Haynes filed timely objections at docket 55, and the United States timely responded with a reply at docket 57.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

### III.  DISCUSSION

Before deciding the motion to suppress, the magistrate judge conducted an evidentiary hearing on September 15, 2006.  A second evidentiary hearing was held on October 6, 2006.  A transcript of the first hearing was filed at docket 40 and has been reviewed.  No transcript of the second hearing was prepared, but this court has listened to the recording of that hearing.  This court has also reviewed the parties' papers.  Based upon that review, this court can find no fault with the magistrate judge's recommended findings and conclusions.  Magistrate Judge Pallenberg correctly found all the necessary facts and correctly applied the law.

This court writes further to emphasize that the testimony of Marcel Prado at the second hearing makes clear that the magistrate judge was correct to conclude that the first search of the trailer was accomplished by consent.  The case relied upon by the defendant, *Chapman v. United States*, 365 U.S. 610, 616-17 (1961) does not fit the facts present here, for Jeremey Beebe was not a tenant occupying the trailer.  That a warrant was sought for the second search reflects both caution by the officer and what he observed regarding occupancy of the trailer during the initial search.  It does not vitiate the legitimacy of the initial search.  Finally, this court notes that Officer Betty Ann Conklin's testimony sounded credible to this court as well as to Magistrate Judge Pallenberg.  It supports that aspect of the magistrate judge's order relating to the inventory search.

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

Case 1:06-cr-00002-TMB   Document 58   Filed 10/24/06   Page 2 of 3

## IV.  CONCLUSION

For the preceding reasons, this court adopts the findings of fact and conclusions of law recommended by the magistrate judge.  Based thereon, the motion at docket 15 is **DENIED**.

DATED at Anchorage, Alaska, this 24th day of October 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE