Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | NO. 1:06-cr-0002-JWS |
|---|---|
| Plaintiff, | |
| vs. | **AFFIDAVIT OF COUNSEL** |
| BILLY WAYNE HAYNES, | |
| Defendant. | |
| STATE OF ALASKA | ss: |
| THIRD JUDICIAL DISTRICT | |

Sue Ellen Tatter, being first duly sworn upon oath, deposes and states:

1. I am the attorney for Billy Wayne Haynes in the above-captioned case.

2. At the second suppression hearing, Marcel Prado testified that Jeremy Beebe had been paying rent on the land at Space No. 8, Viskari Trailer Court, Sitka, before Mr. Prado put a trailer shell on the land.  Mr. Prado testified that Jeremy Beebe was not paying for the land in February 2006 when the searches occurred.  Mr. Prado testified that he gave the police consent to enter the land and the trailer.

      3.      I spoke with Jeremy Beebe in person at Lemon Creek Correctional Center on October 20, 2006. I could not speak with him before because he was represented by counsel (in a case somewhat related to Mr. Haynes' case). Mr. Beebe's counsel did not give me permission to interview him. However, shortly before October 20, Mr. Beebe's state case ended, and he was no longer represented by counsel. He is now a sentenced prisoner with no appeal and no lawyer.

      4.      Mr. Beebe told me that he continually paid rent on the land for Space No. 8, and paid rent for February 2006, when the searches occurred. He told me that he worked for Mr. Prado, who withheld $300 each month from Mr. Beebe's paycheck for the land payments. Mr. Beebe told me he gave Billy Haynes permission to live on the land. Mr. Beebe's statements are confirmed by the attached copy of his payroll record for January 2006, showing his pay diminished by $300 for the February rent. (This document was faxed to me by Jeremy Beebe's mother who is the office manager for Mr. Prado.)

      5,      On information and belief Mr. Beebe's testimony, if believed by the court, would remove the legitimacy of Mr. Prado's consent to enter the land on which the trailer shell sat. If Mr. Beebe is correct, the police would need the consent of the tenant of the land to enter the land and access any personal property sitting on the land. <u>Chapman v. United States</u>, 365 U.S. 610, 616-17 (1961).

      6.      I request the court to reconsider its denial of the suppression motion and issue a writ of habeas corpus so that the U.S. Marshal will bring Mr. Beebe for a further evidentiary hearing. The lateness of the request is not the fault of Mr. Haynes nor his counsel, because we could not ethically speak to Mr. Beebe earlier.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

s/Sue Ellen Tatter

SUBSCRIBED AND SWORN to before me this 25th day of October 2006.

Notary Public in and for Alaska
My Commission Expires: 12/20/2008

Certification:
I certify that on October 25, 2006,
a copy of the *Affidavit of Counsel*
was served electronically on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter