NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.1:06-cr-00002-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT'S MOTION** |
| | ) | **FOR RECONSIDERATION** |
| BILLY WAYNE HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  The defendant has moved for reconsideration of the order denying his motion to suppress because he claims to have discovered new evidence that could effect the disposition of the motion to suppress.  The defendant's motion to reconsider is not well taken and should be denied.

  The new evidence that Haynes refers to in his claim is that his friend was a tenant and his friend allowed him to stay there.  First, the evidence from Mr. Prato,

the lawful owner of the trailer, was very clear.  Prato explained that the trailer was unlivable.  This was confirmed by law enforcement that observed the trailer to be in a state of repair.  Prato and Beebe had an agreement that Beebe would work on the property and make is livable.  At the conclusion of the work, Beebe would then be entitled to a reduction in price should he wish to purchase the trailer.  There was no agreement for current ownership or tenant rights prior to the conclusion of the work being completed.  The testimony of Prato would have to be determined to be false in order to consider this new testimony even relevant.  There is nothing to indicate that Prato, who testified at the previous hearing, was anything but truthful.  Furthermore, even if Beebe had his paycheck deducted for the trailer, which Prato testified clearly he had not, Beebe per the agreement had no rights to the trailer prior to the completion of the work, which he never did complete.  Beebe never had any rights to the trailer that would have superceded the rights of Prato.  The new evidence is irrelevant to the ultimate conclusion in this case, the Prato had the authority to consent to the search of his trailer.

     The officers had no reason to believe that Prato did not have the right to provide consent to search the trailer.  Even when inside, the trailer was still uninhabitable and the officer had no reason to believe that someone was lawfully living there.  Out of an abundance of caution, they applied for a search warrant and did not conduct any further search prior to the issuance of the warrant.  Law

enforcement in this case did everything right. Suppression, a tool to deter unlawful police conduct, is not an appropriate disposition in this case. The defendant's motion should be denied.

RESPECTFULLY SUBMITTED this 27th day of October, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3668
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

Certificate of Service

I declare hereby certify that on October 27, 2006
a copy of the foregoing was served electronically
on Lance Wells, Esq.

s/David A. Nesbett
Assistant U.S. Attorney