UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | 1:06-cr-00002 JWS |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| BILLY WAYNE HAYNES, ) | [Additional Findings of Fact] |
| ) | |
| Defendant. ) | |
| ) | |

## I.  BACKGROUND

At docket 15, defendant Billy Wayne Haynes moved to suppress evidence obtained from four searches conducted in Sitka, Alaska.  The first search was of a trailer located on Space 8 in the Vitskari Trailer Court which was conducted pursuant to the consent given by Marcel Prato, the owner of the trailer park.   Magistrate Judge Pallenberg conducted two evidentiary hearings relating to the searches.  Thereafter, he filed a report setting out his findings of fact, and recommending that the motion be denied.[1]  Upon review, this court agreed, adopted the recommended findings of fact, and denied the motion.[2]  Haynes filed a motion for reconsideration based upon evidence which he had been unable to present at the original evidentiary hearings.[3]

This court granted Haynes request to hear the evidence which was the testimony of Jeremy Beebe.  Beebe, who is in state custody on a felony drug charge, was

---

[1] Doc. 54.

[2] Doc. 58.

[3] Doc. 59.

transported to Anchorage, and testified on October 31, 2006. Because some of Beebe's testimony seemed to conflict with testimony earlier given by Marcel Prato, the court permitted plaintiff to re-call Prato, who testified telephonically on November 1, 2006. This order amends and expands the findings of fact originally made by Magistrate Judge Pallenberg and adopted by this court.

## II. FINDINGS OF FACT

After hearing the new evidence, this court once again adopts most of the findings of fact made by the magistrate judge. Specifically, this court again adopts his findings of fact set out in the paragraphs numbered, 1, 2, 3, 5, 7, 9, 10, and 12 thru 31 of the magistrate judge's report.[4] In place of Magistrate Judge Pallenberg's findings 4, 6, 8, and 11, this court finds the facts below which have been given the corresponding paragraph numbers. In addition, this court finds the facts set out in paragraphs 11.1 through 11.5 below.

> 4. Mr. Prato did not give anyone permission to stay in the trailer, but neither did he tell Mr. Beebe that nobody could stay in the trailer. The topic did not come up because the trailer was not suitable for habitation at that point in time.
>
> 6. Mr. Prato had been renting Space 8 to Mr. Beebe before the trailer was moved onto the space. There was no written lease, only an oral agreement. Mr. Beebe used Space 8 to store vehicles and other property. The space rental of $200 per month was paid via a payroll deduction from Mr. Beebe's pay at Baranof Motors which was owned by Mr. Prato. When the trailer was moved onto Space 8, Mr. Beebe's property was moved aside so the trailer could be placed on the foundation in the middle of the space. A deduction of $200 was made from Mr. Beebe's pay at the end of January. That payment is found to be a payment for the month of February, not January for three reasons: it was Mr. Prato's practice to

---

[4]Doc. 54 at pp. 2-8.

collect space rentals in advance, Mr. Beebe testified that he paid for February, and Mr. Prato could not say whether the payment was for January or February.  Mr. Beebe did not pay rent for the trailer for February.

8.  Mr. Prato had paid the entire purchase price for the trailer, which was in excess of $7,000.  In February of 2006, he was its owner.  He did not give Mr. Beebe or any other person permission to reside in the trailer.  Mr. Prato believed he had the right to enter the trailer in February of 2006.

11.  Mr. Prato had entrusted the only key he had to the trailer to Mr. Beebe.  Mr. Beebe had a copy of the key made and entrusted the copied key to his friend, defendant Haynes.  The key Mr. Ford provided to the officers was Mr. Beebe's key.  Mr. Beebe had given all his keys to his half-brother, Mr. Ford, for safe-keeping before Mr. Beebe went to jail.

11.1 Mr. Prato had an oral agreement with Mr. Beebe pursuant to which Mr. Beebe was to remodel the trailer so that it could be occupied.  The agreement gave Mr. Beebe an option to purchase the trailer when the remodeling work was complete, or to be paid for his work out of the proceeds of a sale of the trailer to a third party.  If Mr. Beebe chose to purchase the trailer, his work on it would be treated as the equivalent of a down payment.

11.2  Prior to February 21, 2006, Mr. Beebe had installed blocking for the trailer at its location on Space 8 after it had been delivered there by a trailer mover.  Mr. Beebe was doing some other work on the trailer in February, but the extent of the work is unclear.  He definitely did not install plumbing in the trailer in February.

11.3  Mr. Haynes had been given permission by Mr. Beebe to stay in the trailer in February.  Mr. Haynes was never given permission to stay in the trailer by Mr. Prato.

11.4 After Mr. Beebe was released from jail, he went back to work for Mr. Prato at Baranof Motors.  He continued to work there until he started

serving his state sentence on July 27, 2006. Mr. Prato deducted both $200 space rent for Space 8 and $500 as a monthly payment for the trailer from Mr. Beebe's June pay. These payments were for the month of July. Mr. Beebe made the payments so his mother could live in the trailer on Space 8.

11.5 Mr. Beebe was not asked for and he did not give any law enforcement officer his consent to search the trailer on Space 8. Mr. Prato was asked for, and he did give law enforcement officers his consent to search the trailer on Space 8.

### III.  ADDITIONAL BRIEFING

Defendant Haynes shall submit supplemental briefing on the motion to suppress based on the more complete findings of fact which have now been made by the court. His memorandum shall be filed not later than **November 9, 2006.** Plaintiff shall have until **November 13, 2006**, in which to file a response.

DATED at Anchorage, Alaska, this 2nd day of November 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE