Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BILLY WAYNE HAYNES,<br><br>　　　　　Defendant. | NO. 1:06-cr-0002-JWS<br><br>**SUPPLEMENTAL BRIEFING OF THE DEFENSE** |

　　　　The court made supplemental findings following additional evidentiary hearings. These findings support the conclusion that Jeremy Beebe had a tenant's interest in the land of Space No. 8 on February 21, 2005, when the search occurred. They also support the conclusion that Jeremy Beebe had some inchoate interest in the trailer itself in February. The findings also support the conclusion that Billy Haynes was an invited guest of Mr. Beebe on the land and in the trailer.

　　　　These conclusions are important to the suppression issue in several ways.

I.   **EXPECTATION OF PRIVACY**

This court's threshold inquiry is whether Billy Haynes had a legitimate expectation of privacy in the trailer on the land of Space 8. This inquiry can also be phrased as whether Billy Haynes has standing to object to the initial warrantless entry into the trailer. In United States v. Davis, 332 F.3d 1163, 1167, fn. 2 (9th Cir. 2003), a case with facts somewhat similar to the dispute here, the court stated that "expectation of privacy" was a better way to consider the problem of standing.

However the issue is analyzed, a trespasser does not have a reasonable expectation of privacy in the premises. In contrast, an invited overnight guest does have such expectation, or standing. Minnesota v. Olson, 495 U.S. 91 (1990). A defendant's bald assertion that he was an invited guest does not alone confer standing. United States v. Armenta, 69 F.3d 304, 308 (9th Cir. 1995). However, here Mr. Beebe clearly testified that he gave Billy Haynes permission to stay in the trailer. Mr. Prato's testimony did not counter that assertion. Mr. Prato gave Jeremy Beebe authority over the trailer on land Mr. Beebe was renting. Billy Haynes clearly has standing as an invited overnight guest. United States v. Echegoyen, 799 F.2d 1271, 1277 (9th Cir. 1986). He had similar expectations of privacy in the dwelling as a hotel guest or the guest of a tenant. See, Stoner v. California, 376 U.S. 483 (1964); Chapman v. United States, 365 U.S. 610 (1961).

In United States v. Davis, 332 F.3d at 1163, the Ninth Circuit Court of Appeals held that a roommate could not consent to the police search of a room inhabited by the defendant and his girlfriend, a co-tenant. Although that case concerned a container under the bed of the girlfriend, many aspects are similar. The defendant, an invitee of a

lawful tenant, had a reasonable expectation of privacy in the room where his items are kept. He had standing to challenge the search based on consent of the roommate.

## II.    CONSENT

Because Mr. Beebe was a legitimate tenant of the land, only he – and not the landlord – had actual authority to consent to a search of Space No. 8 and property on the land. Mr. Beebe did not consent to a police search, and was in fact in jail when the search occurred. The government may argue that Mr. Prato, as the owner of the whole trailer park, had "apparent" authority to consent, and therefore the police could rely on his consent. However, such "apparent" authority cannot legitimize the consent here.

Every landlord has "apparent" authority over all his apartments, trailers, duplexes and Quonset huts. But the landlord status does not remove the necessity for the police to ask the tenant for consent. Chapman, supra. A lessor cannot consent to a search of leased premises. United States v. Impink, 728 F.2d 1228, 1232 (9th Cir. 1984).

Police can make a mistake about authority to consent, and still have a valid search, but the mistake must be factual, not legal. For example, a person can falsely present himself as the legal occupant of the premises, and the search will still be valid. See, United States v. Fiorillo, Jr., 186 F.3d 1136 (9th Cir. 1999). However, a request to the landlord, where the police simply assume the landlord can consent for a tenant, is a mistake of law, which does not legitimize the search. Stoner v. California, 376 U.S. 483 (1964) (officer's mistaken belief that hotel clerk had legal authority to consent to search of tenant's room did not validate search); United States v. Brown, 961 F.2d 1039, 1041 (2nd

Cir. 1992) (officer's mistaken belief that landlady could authorize entry for the limited purpose of retrieving a firearm did not justify search).

The government may argue that Mr. Prato and Mr. Beebe had "common authority" over the property and either could consent. <u>United States v. Matlock</u>, 415 U.S. 164 (1974). The government must prove "common authority." <u>United States v. Iribe</u>, 11 F.3d 1553 (10th Cir. 1993). Here Mr. Prato had ceded his authority over the property and trailer to Mr. Beebe – Mr. Prato did not even have a key. Retention of a key was a crucial factor in the "common authority" of the landlord and tenant in <u>United States v. Yarbrough</u>, 852 F.2d 1522 (9th Cir. 1988). In addition, even if the authority were common, which we dispute, police cannot search where the parties disagree about consent to search. <u>Georgia v. Randolph</u>, 126 S.Ct. 1515 (2006).

In <u>Davis</u>, 332 F.3d at 1163, the majority held that a roommate could not consent to a search of another bedroom over which she had no control. The roommate is analogous to Mr. Prato. Although he has some legal rights to the property, he had little control over the trailer, particularly since he lacked a key to the trailer.

The defense believes the facts support Mr. Beebe's tenant status over both the land and the trailer. However, even if Mr. Beebe had insignificant possessory rights in the trailer on February 21, 2005, the police still should not have entered the land. The trailer was not a completed home, but was a shell, more akin to a structure like a camper shell, a wheelbarrow or a vehicle on the property rented by Jeremy Beebe. The trailer was personal, mobile property which was sitting on Mr. Beebe's rented land. In fact, most

municipalities tax mobile homes as personal property. Without a warrant, police cannot trespass on my land to access my daughter's Subaru, even with her permission.

### III.   TAINT

When police first entered the trailer, they had no warrant. They procured Jeremy Beebe's key from his brother Lowell, who also worked for Mr. Prato. They observed the pipe bomb components and suspicious powder. They then went to obtain a warrant. The transcript of the search warrant hearing, part of the record (Docket 43, Attachment 1), indicates that the "probable cause" for the warrant was the evidence discovered in the earlier entry. There is no other independent source for the warrant. The items taken in the warrant service would not have been inevitably discovered by lawful means apparent in the record. Thus the items taken in the search with a warrant are "fruit of the poisonous tree" and must be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

### IV.   CONCLUSION

The evidence produced at the additional hearings before the district court changes the evidentiary landscape. The magistrate judge's conclusion that Jeremy Beebe had no possessory interest in the land or trailer (p. 9) resulted in the search being upheld as a search with Mr. Prato's consent. This conclusion is no longer valid. Mr. Prato did not have authority to consent. The police made a legal mistake about whether a landlord could consent to a search of leased property. The police went in without a warrant and used

their observations to obtain a warrant. The items taken in the search should be suppressed.

        DATED this 9th day of November 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:       907-646-3480
E-Mail:     sue_ellen_tatter@fd.org

Certification:
I certify that on November 9, 2006,
a copy of the **Supplemental Briefing
of the Defense** was served electronically
on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter