NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:06-cr-00002-JWS |
| ) | |
| Plaintiff, ) | **UNITED STATES'** |
| ) | **RESPONSE TO** |
| vs. ) | **DEFENDANT'S** |
| ) | **SUPPLEMENTAL BRIEFING** |
| BILLY WAYNE HAYNES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

I.   Introduction

Following the supplemental testimony of Mr. Beebe and Mr. Prato, the court submitted more complete findings of fact and asked that the parties respond.[1] Haynes submitted supplemental briefing.[2] The amended findings of fact do not

---

[1]   Order from Chambers, Clerk's Docket No. 68.

[2]   Supplemental Briefing of the Defense, Clerk's Docket No. 69.

affect the court's previous conclusion and, therefore, the government continues to oppose the defendant's motion to suppress.

II.   Argument

In the Report and Recommendation on Motion to Suppress, the court determined that there was "no reason to believe either that Mr. Prato surrendered his authority over the trailer, or that Detective Stevener had any reason to question Mr. Prato's authority over the trailer."[3] The court concluded that Mr. Prato had either actual or apparent authority to consent to the search.[4] In its Order from Chambers agreeing with the magistrate judge's findings of fact and conclusions of law, this court emphasized that Chapman v. United States, 365 U.S. 610 (1961) was distinguishable because Mr. Beebe was not a tenant occupying the trailer.[5]

The supplemental findings of fact support the court's earlier conclusions. Mr. Prato did not give Mr. Beebe or any other person, including Mr. Haynes, permission to stay in the trailer.[6] The trailer was not suitable for habitation in

---

[3]   Clerk's Docket No. 54 at 11.

[4]   Id.

[5]   Clerk's Docket No. 58 at 2.

[6]   Clerk's Docket No. 68 at 2, para. 4, 11.3.

February of 2006.[7] Mr. Beebe did not pay rent for the trailer for February.[8] Mr. Prato paid the entire purchase price for the trailer.[9] In February of 2006, Mr. Prato was the owner of the trailer.[10] Mr. Prato believed he had the right to enter the trailer in February of 2006.[11] Mr. Beebe started paying rent for the trailer in June of 2006 for the month of July so his mother could live in the trailer.[12]

Again, the actions of law enforcement in this case reflect caution on their part; Detective Stevener had no reason to question Mr. Prato's authority over the trailer. In fact, Mr. Prato was the owner and he had not given anyone permission to live in his uninhabitable trailer. Mr. Beebe had not yet begun renting the trailer. Nothing in the supplemental findings of fact should change the court's observation that there is no evidence suggesting that Mr. Haynes was anything more than a squatter. Ultimately, nothing offered by the testimony of Mr. Beebe would defeat Mr. Prato's continuing authority to provide consent to search his trailer. The court's original conclusions of law are not affected by the supplemental findings of

---

[7]  Id. at para. 4.

[8]  Id. at para. 6.

[9]  Id. at para. 8.

[10] Id.

[11] Id.

[12] Id. at para. 11.4.

fact.

III.  Conclusion

Based on the forgoing, the defendant's motion should be denied.

RESPECTFULLY SUBMITTED this 15th day of November 2006, in Anchorage, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/ David Nesbett
>Special Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500
>email: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on November 15, 2006, a copy of the foregoing was served electronically on Sue Ellen Tatter.

s/ David A. Nesbett