NELSON P. COHEN
United States Attorney

JOHN J. NOVAK
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907)271-5071
Fax: (907)271-1500
Email: john.novak@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:06-cr-00002-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| BILLY WAYNE HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      COMES NOW, the United States of America, by and through Special

Assistant United States Attorney John J. Novak, and pursuant to Local Criminal

Rule 32.1 of the United States District Court for the District of Alaska and hereby

files this memorandum to assist the court in fashioning a just, proper, and legal

sentence. For the reasons discussed below, the United States respectfully asks this court to impose a composite sentence on the multiple counts in the middle of the applicable guideline range of 63-78 months and a supervised release term of 36 months on the conditions recommended by the author of the pre-sentence report. Additionally, the judgment should explicitly state that the sentence in this case is to run consecutive to the sentence in State of Alaska case No. 1SI-S06-0050 CR so as to avoid any confusion misunderstanding in the future.

## I. The Offense

Defendant stands convicted, based upon his guilty pleas, following fairly extensive pretrial motion practice, of five offenses that arise out of his operation of a small methamphetamine laboratory and construction and possession of a pipe bomb. Defendant himself perhaps best summarized the offenses by the two questions he asked of the Sitka Police Department Officer that was transporting him on February 25, 2006: "How long will I get for my meth lab?' and "How long will I get for my pipe bomb." Defendant's construction and possession of the pipe bomb is of great concern in light of Defendant's desire to make it fully functional, as evidenced by having a "to do" list in his wallet to remind him to obtain the necessary materials and arm the bomb by means of a fuse. Defendant expressed alternately a desire to either blow up himself or a

police car. The danger presented to police officers and citizen bystanders under either scenario is obvious. Only in the last several years have we as a society begun to appreciate the terrible effects on our community of methamphetamine production and use.

## II. The Offender

Defendant has a lengthy and significant criminal history dating back to when he was 11 years old. The criminal and anti-social conduct in which defendant engaged covers a wide spectrum of the criminal law: crimes of violence against people, drug offenses, theft offenses, burglary offenses, and violating court ordered conditions of release, putting out a contract for the killing of the person he suspects of sexually assaulting his sister, and threatening to physically injure Sitka Superior Court Judge Larry Zervos and Sitka District Attorney Greg Olson. The crimes of violence against people are of the greatest significance in imposing sentence in this case. Defendant essentially has been engaged in criminal conduct on a non-stop basis since he was very young. He has done so despite the State of Alaska expending very significant resources in an effort to assist or rehabilitate him. Defendant has not been deterred in continuing to engage in criminal conduct by the sentences imposed to date. Additionally,

Defendant's prospects for rehabilitation cannot be characterized as anything other than poor at best.

Defendant asserts in his "objections" to the pre-sentence report that the guideline criminal history category calculation "over represents his criminal history and the likelihood that he will re-offend." Defendant makes this assertion despite refusing to answer the question of the pre-sentence report author about the mental health and substance abuse counseling and treatment he has undergone. Defendant also refused to sign releases that would allow the author of the pre-sentence report to make an objective assessment as to those matters. Defendant instead, selected and submitted very limited records that one assumes best support his assertion. Even those hand selected records, however, contain the opinions of the treating mental health professions when defendant was 11 years old that defendant had a "conduct disorder." It, of course, is not until a person is 18 years of age that the mental health profession diagnoses someone as having "anti-social personality disorder." A diagnosis that almost certainly would be made today and would be reflected by any recent mental health records. The fact that substance abuse records would leave no question that defendant has not

taken advantage of the programs made available to him is demonstrated by his dismal performance on probation.

### III.  Pre-sentence Report Issues

The United States does not have any issues with or believe corrections need to be made to the pre-sentence report.

### IV.  18 U.S.C. § 3553(a) Sentencing Factors

In fashioning a sentence, this court is to consider deterrence of defendant, deterrence of others, reaffirmation of societal norms, protection of the public, rehabilitation of defendant, and provide just punishment for the offense. The United States submits that these goals best can be met by imposing a composite sentence on the five counts in the middle of the applicable guideline range of 63-78 months and a supervised release term of 36 months on the recommended conditions.  The judgment also should explicitly state that the sentence in this case is to run consecutive to the sentence in State of Alaska case No. 1SI-S06-0050 CR.  The United States recommends this sentence in light of the serious nature of the conduct in which Defendant engaged (operating a meth lab and constructing a pipe bomb for the purpose of detonation) as well as his serious and lengthy history of criminal and anti-social conduct.

RESPECTFULLY SUBMITTED this 4th day of May, 2007, in

Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/ John J. Novak
        JOHN J. NOVAK
        Special Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 W. 7th Avenue, #9, Room 253
        Anchorage, Alaska 99513-7567
        Tel.: (907)271-5071
        Fax: (907)-271-1500
        Email: john.novak@usdoj.gov
        Alaska Bar # 8511184

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2007,
a copy of the foregoing **UNITED STATES'**
**SENTENCING MEMO**, was served,
via Electronic Filing, on:

**Sue Ellen Tatter,**
Assistant Federal Public Defender

s/ John J. Novak